IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

  vs.

SUNWEST MANAGEMENT, INC.,
CANYON CREEK DEVELOPMENT, INC.,
CANYON CREEK FINANCIAL LLC, and
JON M. HARDER,

        Defendants,

  and

DARRYL E. FISHER, J. WALLACE
GUTZLER, KRISTIN HARDER, ENCORE
INDEMNITY MANAGEMENT LLC, SENENET
LEASING COMPANY, FUSE ADVERTISING,
INC., KDA CONSTRUCTION, INC.,
CLYDE HAMSTREET, and CLYDE
HAMSTREET & ASSOCIATES, LLC,

        Relief Defendants.

Civ. No. 09-6056-HO

ORDER

AIKEN, Chief Judge:

    Parties known as the Secured Lenders object to the Order of Magistrate Judge Coffin denying their Motion to Recuse the Honorable Michael R. Hogan as the presiding judge in this matter.

1 - ORDER

Magistrate Judge Coffin found that the Secured Lenders failed to establish bias on the part of Judge Hogan to warrant recusal pursuant to 28 U.S.C. §§ 144 and 455. By order of referral, Magistrate Judge Coffin's Order is now before me. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). I find no clear error and decline to reconsider or vacate Magistrate Judge Coffin's Order.

The Secured Lenders assert numerous objections. At the outset, the Secured Lenders maintain that Judge Hogan improperly referred the recusal motion to Magistrate Judge Coffin. The Secured Lenders contend that - as a "subordinate" arm of the court - Magistrate Judge Coffin had no authority to hear their motion under 28 U.S.C. § 144. The Secured Lenders misapprehend several facts surrounding the assignment of this case as well as the role of magistrate judges in the District of Oregon.

Pursuant to 28 U.S.C. § 636(b), the talents of magistrate judges are fully utilized in this District, and magistrate judges are assigned cases from the "civil wheel" in the same manner as district judges. Even if the parties do not consent to trial by a magistrate judge, the case remains assigned to the magistrate judge for resolution of all pretrial matters, except for those enumerated in § 636(b)(1)(A) where issuance of findings and recommendations is required. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

When the SEC originally filed this enforcement action, Magistrate Judge Coffin had the luck of the draw and the case was

2 - ORDER

assigned to him. However, the SEC sought immediate injunctive relief in the form of a temporary restraining order, and, absent consent of the parties, magistrate judges may not hear requests for injunctive relief. 28 U.S.C. § 636(b)(1)(A). All parties to the SEC action did not consent and, as is the common practice, the SEC's TRO motion was assigned to the available "backup" district judge - in this case Judge Hogan.

Contrary to the Secured Lenders' assertion, the case was not transferred to Judge Hogan at that time. Instead, it remained Magistrate Judge Coffin's case. Typically, the magistrate judge resumes oversight of the case once the backup district judge rules on a motion for preliminary injunctive relief. It is abundantly clear that this case is not typical. Regardless, this case remained assigned to Magistrate Judge Coffin when the Secured Lenders sought recusal of Judge Hogan. Therefore, it was wholly appropriate for Judge Hogan to refer the motion to him.

Moreover, 28 U.S.C. § 144 does not preclude referral of the motion to a magistrate judge. Although § 144 states that "another judge shall be assigned to hear such proceeding,"

> a judge may designate a magistrate judge to hear and determine *any pretrial matter pending before the court*, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

3 - ORDER

28 U.S.C. § 636(b)(1)(A) (emphasis added). Thus, Magistrate Judge Coffin, by virtue of his case assignment and the referral by Judge Hogan, had ample authority to decide the motion for recusal.

Now that the Secured Lenders have filed objections, I must determine whether the Secured Lenders have made an adequate showing that Magistrate Judge Coffin's Order is "clearly erroneous or contrary to law" to warrant reconsideration and vacatur. See id. ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). I find that they have not.

The standard for recusal under 28 U.S.C. §§ 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted). Generally, the alleged bias must derive from an "extrajudicial source" to justify recusal. Liteky v. United States, 510 U.S. 540, 554 (1994).

The Secured Lenders argue that Magistrate Judge Coffin's Order was clearly erroneous and contrary to law, in that Magistrate Judge Coffin: 1) disregarded Judge Hogan's role as mediator in a separate bankruptcy proceeding involving many of the same parties; 2) disregarded the disputed evidentiary facts learned by Judge Hogan during mediation; and 3) failed to address allegations of

4 - ORDER

Judge Hogan's bias.

First, Magistrate Judge Coffin did not disregard Judge Hogan's role as an appointed mediator in the bankruptcy proceeding. Instead, Magistrate Judge Coffin found that Judge Hogan's actions as a mediator cannot suffice as a "extrajudicial" source of bias. This finding and conclusion is neither clearly erroneous nor contrary to law.

As found by Magistrate Judge Coffin, a judge's knowledge of facts gained from participating as a mediator in a settlement proceeding is not "extrajudicial." Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 448 (2d Cir. 2005); see also United States v. Bailey, 175 F.3d 966, 969 (11th Cir. 1999) (knowledge learned in off-the-record conferences with the parties was acquired "in the course of a judicial proceeding"); Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wis., Inc., 991 F.2d 1249, 1255-56 (7th Cir. 1993) (facts learned by a judge in his or her judicial capacity "in the same or a related proceeding" cannot justify disqualification); Bilello v. Abbott Labs., 825 F. Supp. 475, 480-81 (E.D.N.Y 1993) (knowledge of disputed evidentiary facts gleaned by the trial judge in his role as settlement judge was not extrajudicial and did not require recusal).

Regardless of the fact that Judge Hogan was not the presiding judge in the bankruptcy proceeding, he was appointed as a mediator in his capacity as a judicial officer. See Criswell Decl. in

Support of Objections, Ex. 1, pp. 59-60, 97-98, 127-28. Therefore, any knowledge gained by Judge Hogan "arose solely from his judicial duty." <u>Omega</u>, 432 F.3d at 447-48 ("Knowledge gained from the judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1).").

The Secured Lenders attempt to distinguish this case on the ground that Judge Hogan acted as a settlement judge prior to his assignment as the presiding judge in this case, citing <u>Kearny v. Milwaukee County</u>, 2007 WL 3171395 (E.D. Wis. Oct. 26, 2007). There, a magistrate judge chose to recuse himself from presiding as the trial judge in a case in which he conducted settlement proceedings, finding that the failure to do so would "handcuff the effectiveness of the mediation process," because he would not offer his candid view of a case during settlement if he was also the presiding judge. <u>Id.</u> *2-3. The magistrate judge's decision in <u>Kearny</u>, however, was based on his particular philosophy and beliefs rather than binding legal precedent that participation in settlement proceedings is an extrajudicial source of bias.

Moreover, I do not find it significant that Judge Hogan was appointed as a judicial mediator prior to his assignment as the presiding judge in this case; the timing of his appointment as a mediator does not render the source of his knowledge personal rather than extrajudicial. <u>Omega</u>, 432 F.3d at 447-48.

Second, I do not find that Magistrate Judge Coffin disregarded

6 - ORDER

the disputed evidentiary facts allegedly learned by Judge Hogan. Rather, Magistrate Judge Coffin noted that the bankruptcy proceedings and this case involved different areas of law and fact. Even if Judge Hogan gained knowledge of disputed facts, as explained above, such knowledge does not derive from an extrajudicial source or suggest bias. Cf. Liteky, 510 U.S. at 551 ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant."); Wiley v. United Parcel Serv., Inc., 2001 WL 431498 (4th Cir. 2001) (trial judge's participation in a settlement conference did not create an appearance of partiality).

The Secured Lenders further assert that Judge Hogan likely obtained a distorted and incomplete version of the underlying disputed facts, because the Secured Lenders did not participate in the voluntary bankruptcy mediation to which Judge Hogan was appointed. However, as noted by Magistrate Judge Coffin, Judge Hogan (and Bankruptcy Judge Brown) repeatedly requested the Secured Lenders' participation in the mediation, and they repeatedly refused. To note this fact is not penalizing the Secured Lenders for exercising their right not to participate but is simply stating the obvious: the Secured Lenders cannot very well complain about

7 - ORDER

mediation discussions when they were invited to the mediation but chose not to attend. More importantly, the Secured Lenders' lack of participation does not alter the judicial source of Judge Hogan's perceived knowledge of the case.

Third, I do not find that Magistrate Judge Coffin failed to address the allegations of bias against Judge Hogan. Instead, Magistrate Judge Coffin found that the Secured Lenders failed to present a "legitimate reason" to question Judge Hogan's impartiality. Again, I find no clear error.

The Secured Lenders contend that Judge Hogan, through his role as a mediator, "has demonstrated an apparent bias against the interests of the Secured Lenders and other secured creditors" and expressed an "emphatic view" that "mandatory global resolution" should be achieved. Objections to Magistrate Judge Coffin's Order, p. 25. In support of this contention, the Secured Lenders cite Judge Hogan's introductory e-mail to mediation participants encouraging them to "work hard to find solutions that leave everyone in the best possible position at the end of this, and avoid the death of a thousand paper cuts." Criswell Decl., Ex. 1, p. 58.[1] Judge Hogan's desire to reach a resolution satisfactory to

---

[1] The Secured Lenders assert that Judge Hogan "admonished" them to "avoid the death of a thousand paper cuts." Objections, p. 25. However, Judge Hogan's e-mail was sent to <u>all</u> mediation participants; given that the Secured Lenders did not participate, it is difficult to ascertain how Judge Hogan's statement was an admonishment directed toward them.

8 - ORDER

all parties, or his opinion that such a resolution was advantageous, hardly evinces a bias against the Secured Lenders or a "deep-seated favoritism or antagonism that would make fair judgment impossible" in this case. Liteky, 510 U.S. at 555. As an appointed judicial mediator, should Judge Hogan seek limited success or failure to ensure parties of his fairness?

As further evidence of bias, the Secured Lenders cite Judge Hogan's rulings and orders issued on March 2 and March 10, 2009 that effectively bar the Secured Lenders from pursuing their foreclosure rights. The Secured Lenders assert that Judge Hogan, in granting preliminary injunctive relief, "made clear that he was unhappy with the Secured Lenders' decision to not participate in the voluntary mediation . . . . and that it was his intent to stop foreclosures." Objections, p. 26. However, the evidence cited by the Secured Lenders requires creative interpretation to infer bias. At the TRO hearing on March 2, 2009, Judge Hogan simply noted that some secured creditors had not participated in mediation and requested whether "they deserve some notice to come in [the case]" before the order was entered. Criswell Decl., Ex. 2, p. 38. Judge Hogan later remarked that "it makes some sense to me to stay foreclosures." Id. Ex. 2, p. 51. Such comments do not reveal bias or partiality, particularly when they are not critical or hostile to the Secured Lenders. Id. Ex. 2, p. 10; Liteky, 510 U.S. at 555 ("[J]udicial remarks during the course of a trial that are critical

9 - ORDER

or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

Similarly, the Secured Lenders allege as bias Judge Hogan's reasoning and perceived inconsistencies in his imposition of a preliminary injunction. However, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555. Indeed, the preliminary injunction issued by Judge Hogan on March 10, 2009 has been appealed, and the Secured Lenders will have the opportunity to challenge its legal bases.

Finally, the Secured Lenders complain that Judge Hogan did not grant them the opportunity to be heard on their motion to recuse. It is within a judge's discretion whether to grant oral argument. Because Magistrate Judge Coffin decided the motion, it was his discretion - not Judge Hogan's - to exercise.

In sum, the Secured Lenders fail to present any legitimate grounds to support bias, and the record reveals none. Judge Hogan requested the Secured Lenders' participation in mediation, inquired whether they should be given notice of requested injunctive relief, and allowed them to appear and be heard in these proceedings. The fact that Judge Hogan issued injunctive relief contrary to the Secured Lenders' interests is not grounds for recusal.

10- ORDER

CONCLUSION

The Secured Lenders' objections to Magistrate Judge Coffin's Order are long on speculation and short on actual evidence of bias. Accordingly, I decline to vacate Magistrate Judge Coffin's Order denying the Secured Lenders' Motion for Recusal. The request for oral argument is denied as unnecessary, as quite enough time and money have been spent on this issue.

IT IS SO ORDERED.

Dated this 17 day of April, 2009.

_____
Ann Aiken
United States District Judge

11- ORDER