FILED '09 AUG 28 12:04 USDC-ORE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 09-CV-6056-HO |
| Plaintiff, | |
| vs. | [~~PROPOSED~~] ORDER GRANTING ADDITIONAL PRELIMINARY INJUNCTION AND APPOINTING RECEIVER FOR ADDITIONAL ENTITIES |
| SUNWEST MANAGEMENT, INC., CANYON CREEK DEVELOPMENT, INC., CANYON CREEK FINANCIAL, LLC, and JON M. HARDER, | |
| Defendants, | |
| and | |
| DARRYL E. FISHER, J. WALLACE GUTZLER, KRISTIN HARDER, ENCORE INDEMNITY MANAGEMENT LLC, SENENET LEASING COMPANY, FUSE ADVERTISING, INC., KDA CONSTRUCTION, INC., CLYDE HAMSTREET, and CLYDE A. HAMSTREET & ASSOCIATES, LLC, | |
| Relief Defendants. | |

This matter came before the Court on the application of Plaintiff Securities and Exchange Commission's ("Commission")[1] request for an additional preliminary injunction and for the further appointment of the Receiver over additional entities. The Court has taken judicial notice of the pleadings and papers previously filed in this case.

GOOD CAUSE appearing, the Court finds:

1.   This Court has jurisdiction over the parties and the subject matter of this action, pursuant to Sections 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), and Sections 21(d)(3), 21(e), and 27 of the of the Securities Exchange Act of 1934 ("Exchange Act"). 15 U.S.C. §§ 77t(d)(1), 77v(a), 78u(d), and 78u(e).

2.   This District is an appropriate venue for this action pursuant to Section 22(a) of the Securities Act and Section 27 of the Exchange Act. 15 U.S.C. §§ 77v(a) and 78aa.

3.   The Commission has demonstrated a likelihood of success on the merits of its action and that the balance of hardships weighs in its favor. With respect to the balance of hardships, the public interest weighs strongly in favor of issuance of injunctive relief.

4.   Good cause exists to issue a preliminary injunction as set forth below, and to appoint Michael Grassmueck as a receiver (the "Receiver") with all rights and powers of a federal equity receiver for those entities listed on Exhibit "A3" to this Order ("A3 entities") to: (i) preserve the *status quo*; (ii) ascertain the extent of commingling of funds; (iii) ascertain the true financial condition of the A3 entities and the disposition of investor funds; (iv) prevent the encumbrance or disposal of property or assets of the A3 entities; (v) preserve the books, records and documents of the

---

[1] Capitalized terms not defined in this Order have the same meaning as in this Court's March 10, 2009 Order (the "March 10 Order"). In all other respects, this Order is independent of the March 10, 2009 Order. References to the March 10, 2009 Order are for purposes of language incorporation, historical reference, or consistency, but this Order is not in any way a modification to or a superseding order vis-à-vis the March 10, 2009 Order.

A3 entities; (vi) be available to respond to investor inquiries; and (vii) determine whether the A3 entities should undertake bankruptcy filings.

NOW THEREFORE:

I.

IT IS ORDERED that Defendants and Relief Defendants and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, and all others who receive actual notice of this Order, by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of, any and all assets (whether real or personal property, including money, securities, commodities, choses in action and all other property of any kind whatsoever) of the A3 entities, whether held by or under the direct or indirect control of Defendants or Relief Defendants or any of them, or whether held in any of their names or for any of their direct or indirect beneficial interest, in whatever form such assets may presently exist and wherever located. All financial and brokerage institutions, debtors and bailees, escrow holders, and all other persons and entities that have possession, custody or control of any A3 entity assets, or owe money to any of the Defendants or Relief Defendants related to the A3 entities, and that receive actual notice of this Order, shall turn over and deliver such assets to the Receiver.

II.

IT IS FURTHER ORDERED that the Receiver is appointed to act as receiver, with all rights and powers of a federal equity receiver, for the A3 entities to: (1) pursue and resolve claims, as more fully described below; (2) ascertain the true financial condition of the A3 entities and the disposition of investor funds; (3) determine the extent of commingling of funds between and among the Defendants, Relief Defendants, the A3 entities and the Receivership Entities; (4) preserve the books, records and documents of the A3 entities; and (5) be available to respond to investor inquiries. A3 entities that are subjects of Chapter 11 cases as of August 11, 2009, shall proceed, but shall otherwise be subject to and enjoy the benefits and protections of this Order (including the injunction in Section IV, below), and by this Order, the reference is withdrawn to this Court for any A3 entity in a pending

Chapter 11 case. Clyde A. Hamstreet, as Chief Restructuring Officer ("CRO"), shall have authority to use the cash and assets of each A3 entity in the ordinary course of the business of such A3 entity, and except as otherwise limited by the terms of this Order, to use such cash and assets for the operation and restructure of any and all Receivership Entities, and to pay the Receiver for the Receiver's pursuit of third-party claims.

### III.

To effectuate the foregoing as to the A3 entities, the Receiver is hereby empowered to:

1. Pursue and resolve all claims and causes of action against third parties, disgorgement, avoidance actions and offsets and counterclaims of the A3 entities (collectively, "claims") in cooperation with the MC and the CRO; provided, however, that the Receiver shall not commence litigation against any lender to an A3 entity without the prior consent of the CRO;

2. Have access to all books, records and documents of the A3 entities;

3. Establish a bank account or use existing bank accounts to pay expenses and otherwise administer the receivership as provided herein;

4. Take necessary steps to investigate and recover assets that may have been conveyed to third parties by any A3 entity or otherwise concealed;

5. Take necessary steps to investigate and account for the disposition and use of funds obtained by the Defendants, the Relief Defendants, the A3 entities, and all entities related to the A3 entities;

6. Engage and employ persons, including accountants, attorneys, special litigation counsel and experts, to assist in the carrying out of the Receiver's duties and responsibilities hereunder;

7. Take necessary steps to investigate claims which may now or hereafter exist as a result of the activities of the A3 entities, and their past and present employees, agents, subsidiaries and affiliates;

8. Subject to privilege review and appropriate confidentiality, as agreed or determined by the Court, image all laptops, computers, PDAs, smart phones and related

electronic storage devices of the A3 entities, and have access to all information contained therein, including the passwords and logon information related to the same; and

9. Except as specifically limited by the terms of this Order, exercise all other rights and powers of a federal equity receiver for the A3 entities.

IV.

IT IS FURTHER ORDERED that all Defendants and Relief Defendants shall cooperate with the Receiver and the CRO. No creditor of, investor in or claimant against any of the A3 entities or assets of the A3 entities, or any person acting on behalf of any such creditor, investor or claimant, shall take any action to interfere with or harass the Receiver or the CRO or otherwise interfere with the Receiver's or the CRO's control, possession or management of the A3 entities or any of their assets, including but not limited to, pursuing, noticing, or otherwise commencing, or concluding a foreclosure sale, or the filing of any lawsuits, liens, garnishments, or encumbrances or bankruptcy cases to impact the A3 entities or any of the assets subject to this Order, without further order of this Court.

V.

IT IS FURTHER ORDERED that except for any act of, or exceeding, gross negligence, and to the fullest extent permitted by law or any applicable code of professional conduct, none of the Receiver, the CRO, the MC, the Official Committee of Unsecured Creditors (the "UCC") or the Official Tenants-in-Common Committee (the "TICC") appointed in Harder's Chapter 11 bankruptcy case, nor any of their respective officers, employees, members, representatives, professionals or other agents (collectively, the "Protected Persons"), shall be liable for any loss or damage incurred by any of the Defendants, Relief Defendants or A3 entities, or by any of their respective officers, employees, professionals or other agents, or by creditors, investors, claimants, vendors, or others, or be subject to any right of action, by reason of any act performed or omitted to be performed by any of the Protected Persons in connection with the discharge of their duties and responsibilities under this Order. The Receiver shall not have any responsibility or liability for past, present or future taxes in connection with the operations of the A3 entities or otherwise. No bond shall be required in connection with the appointment of the Receiver, the CRO or the MC.

VI.

IT IS FURTHER ORDERED that the A3 entities and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, transferring, altering or otherwise disposing of, in any manner, any documents, including all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind, in their possession, custody or control, however created, produced or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to the A3 entities.

VII.

IT IS FURTHER ORDERED that fees and expenses of the Receiver, CRO, MC, and their respective professionals, and those of the professionals for the UCC, TICC, and bankruptcy estate of Jon M. Harder for services that relate to the A3 entities, operations or restructure, shall be paid in accordance with Article XI of the March 10, 2009 Order.

VIII.

IT IS FURTHER ORDERED that the proceeds of claims collected by the Receiver will be set aside and held by the Receiver and be available to satisfy investors' and creditors' claims pursuant to a plan of distribution approved by this Court. The Commission shall cooperate with the Receiver to cause any recoveries from claims to benefit the investors and creditors to the extent needed for them to obtain full satisfaction of their claims.

IX.

IT IS FURTHER ORDERED that no term of this Order shall be construed as limiting the Commission's ability, or that of any other state or federal authority, to pursue full relief against all Defendants and Relief Defendants in this litigation and any other defendants and relief defendants as may be added as parties to this litigation or named as parties in other litigation.

X.

Each of the Receiver, CRO, UCC, TICC, MC, the Defendants, the Relief Defendants, the Commission, creditors and other parties in interest shall have the right to apply to the Court to modify the terms of this Order.

DATED: 28 Aug, 2009

Hon. Michael R. Hogan
United States District Court Judge

# EXHIBIT A3

# EXHIBIT A3
## Entity Names

| |
|---|
| Anderson Senior Living Property, LLC |
| Ashland Senior Living, LLC |
| Avondale Senior Living, LLC |
| Boones Ferry Place, LLC |
| Brookwood AL Ownership, LLC |
| Canyon Creek Asset Management, LLC |
| Cape Elizabeth Senior Living Operator, LLC |
| Centrum Homes, LLC |
| Cherry Oaks Senior Living, LLC |
| Chino Hills Senior Living Property, LLC |
| Chino Hills Senior Living, LLC |
| Christianburg Senior Living, LLC |
| Clovis Assisted Living, LLC |
| Clovis Senior Living, LLC |
| Cody Senior Living, LLC |
| Copper Ridge Apartments, LLC |
| CU 17, LLC |
| CU 23, LLC |
| CU 38, LLC |
| CU 49, LLC |
| CU 51, LLC |
| CU Braxton, LLC |
| CU Eugene, LLC |
| CU Nanaimo, LLC |
| CU SR 1, LLC |
| CU West Salem, LLC |
| Edgewood Vista Management, Inc. |
| Eldorado Heights Investments, LLC |
| Emerald Springs Property, LLC |
| ES 17, LLC |
| ES 23, LLC |
| ES 39, LLC |
| ES 51, LLC |
| ES Braxton, LLC |
| ES Eugene, LLC |
| ES Nanaimo, LLC |
| FOSW, LLC |
| Fox River Retirement Living, LLC |
| Gainesville Mall GP Purchaser, LLC |
| Gainesville Mall LP Purchaser, LLC |

| |
|---|
| Gainesville Property, LP |
| Gig Harbor Senior Living, LLC |
| Glastonbury Senior Living, LLC |
| Glen at Cala Hills, L.L.C. |
| Grand Court FW Property, Ltd. |
| Grandview Associates, Inc. |
| Greensboro Oakdale Property, LLC |
| Harder Fisher Group LLC |
| Harlingen Senior Living Limited Partnership |
| HD6, LLC |
| Hendersonville BG Property, LLC |
| Hendersonville BGGP, LLC |
| Hobbs Assisted Living, LLC |
| JD IV, LLC |
| JMH Sawmill Group, LLC |
| Kearney Health, LLC |
| Kingman Senior Living Property II, LLC |
| Kingman Station Apartments, LLC |
| Kings Manor, LLC |
| Lacey Care, L.L.C. |
| Lassen House LLC |
| Laurel Springs Assisted Living, LLC |
| Lehigh Acres Senior Living, LLC |
| Lincoln City Assisted Living, LLC |
| Lompoc Senior Living Limited Partnership |
| Meadowlark Assisted Living Community, LLC |
| Meadowlark Cottages GP, LLC |
| Memphis KGGP, LLC |
| Mobile KPGP, LLC |
| Metro St. Louis Property, LLC |
| Milton Senior Care, LLC |
| Mobile Gordon Oaks Senior Living, LLC |
| Mt. Pleasant Oakdale I ALZ, LLC |
| Mt. Pleasant Oakdale II ALF, LLC |
| Nanaimo Senior Living Group, Ltd. |
| Northglenn Management Inc. |
| Northglenn Property, LLC |
| Overland Lamar Senior Living, LLC |
| Overland Rose Senior Living, LLC |
| Ownership Smart Park, LLC |
| Park Meadows, L.L.C. |
| Plum Ridge Care Community, LLC |
| Pointe at Cedar Park LLC |

| |
|---|
| Roanoke SW Retirement, LLC |
| Rockwood Homes, LLC |
| Seattle Senior Living, LLC |
| Senior Living Holdings II, LLC |
| Sheridan Senior Living, LLC |
| Silverstar Destinations Property LLC |
| Site Works, Inc. |
| Smart Park PH 3 Leasing, LLC |
| Smart Park PH 4 Leasing, LLC |
| Southpark Senior Living, LLC |
| Spring Lake Property, LLC |
| Summerfield House Assisted Living LLC |
| Sunnyside Court |
| Sweetwater Springs Cottages, LLC |
| TAB Hawk's Ridge, LLC |
| TLC North, L.L.C. |
| Toms River Assisted Living, LLC |
| Toms River Senior Living Property, LLC |
| Toms River Senior Living, LLC |
| University Care, LLC |
| Wayne Health, LLC |
| Wenatchee Cottages, LLC |
| West Linn Senior Living, LLC |
| West Salem Orchard Heights, LLC |
| Yakima Senior Living, LLC |
| |

11897086.1