**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | |
| Plaintiff, | |
| | Case No. 09-6056-HO |
| v. | |
| SUNWEST MANAGEMENT, INC., CANYON CREEK DEVELOPMENT, INC., CANYON CREEK FINANCIAL, LLC, and JON M. HARDER | Hon. Michael R. Hogan |
| Defendants, | STIPULATION AND ORDER APPROVING SETTLEMENT |
| v. | |
| DARRYL E. FISHER, J. WALLACE GUTZLER, KRISTEN HARDER, ENCORE INDEMNITY MANAGEMENT LLC, SENENET LEASING COMPANY, FUSE ADVERTISING, INC., KDA CONSTRUCTION, INC., CLYDE HAMSTREET, and CLYDE A. HAMSTREET & ASSOCIATES, LLC, | |
| Relief Defendants. | |

| | |
|---|---|
| In re STAYTON SW ASSISTED LIVING, L.L.C., | Case No. 09-6082-HO |
| (Constituting the Sunwest Unitary Enterprise as determined by the Order entered on October 2, 2009 in U.S. District Court Case No. 09-6056-HO), | Hon. Michael R. Hogan |
| | STIPULATION AND ORDER APPROVING SETTLEMENT |
| Debtor. | |

Clyde A. Hamstreet, as Chief Restructuring Officer ("CRO") of the Receivership Entities, as that term is defined in the Order Granting Preliminary Injunction and Appointing a Receiver dated March 10, 2009 and in the May 27, 2009 Unopposed Order granting additional preliminary injunction and appointing receiver for additional entities (the "Receivership Orders"), Michael

1

Grassmueck, as the Receiver ("Receiver") of the Receivership Entities, Stayton SW Assisted Living, L.L.C., Debtor and Debtor in Possession, ("Debtor") and LSREF Golden Age Acquisitions, LLC ("Purchaser") (collectively, the "Parties") hereby stipulate as follows:

A.  This Stipulation, as indicated by counsels' signatures below, has been negotiated at arms-length and in good faith.

B.  Entry of an order pursuant to this Stipulation is in the best interests of the Receivership Estate.

C.  Sellers (as that term is defined in the Escrow Agreement dated December 1, 2008, as amended and attached hereto as Exhibit "A") are among the Receivership Entities listed in the Court's orders of March 10 and May 27, 2009.

D.  Purchaser and Sellers executed the Escrow Agreement in conjunction with a Purchase and Sale Agreement ("PSA"), dated December 1, 2008.

E.  The transaction made the subject of the PSA closed on January 15, 2009 and the parties caused certain funds (the "Escrowed Funds") to be deposited with First American Title Insurance Company ("Escrow Agent").

F.  Contemporaneously with the closing, LSREF Golden Age Acquisitions, LLC assigned its rights under, among other documents, the Escrow Agreement and PSA to various assignees who are identified on the schedule attached to this Stipulation as Exhibit "B."

G.  As of August 20, 2009, the Escrow Agent represented to the parties that it held $4,439,329.25 of Escrowed Funds.

H.  A dispute arose between Purchaser and Sellers regarding the Escrowed Funds.

I.  Jon Harder initiated an adversary proceeding in his bankruptcy proceeding, *In re* Jon M. Harder, Case No. 08-37225-tmb11, styled Jon M. Harder v. LSREF Golden Age Acquisitions,

LLC; Adv. Proc. No. 09-03113 tmb (the "Adversary Proceeding") requesting declaratory relief regarding the Escrowed Funds.

J.   One Seller, Neawanna by the Sea Limited Partnership, filed bankruptcy on or about March 27, 2009 in Case No. 09-32093 and listed some or all of the Escrowed Funds as an asset on its schedules (the "Neawanna Bankruptcy").

K.   On October 2, 2009, the Court entered an Order approving the Distribution Plan proposed by the CRO and the Receiver and consolidated all assets (including the assets of the Sellers) and liabilities of the Receivership Entities into the estate of the Debtor.

L.   By agreement, the parties mediated their dispute with Lyle Velure, reached a settlement of any and all claims, and this Stipulation memorializes the Parties' final compromise and settlement of any and all claims, asserted or unasserted, pending or threatened, existing or that may exist, arising out of or in any way related to the Neawanna Bankruptcy, the Adversary Proceeding, the PSA, the Escrow Agreement, or the Escrowed Funds.

M.   CRO and Receiver represent that they have the authority to enter into this settlement and to approve distribution of the Escrowed Funds pursuant to this Stipulation.

N.   The Parties agree that the Escrow Agent shall distribute the Escrowed Funds as follows: $3,004,171.63 to Sellers; $1,435,157.62 to Purchaser, along with any accrued interest since August 20, 2009.

O.   The Parties request that the Court enter an order dismissing with prejudice the Adversary Proceeding against the Purchaser.

P.   The Parties do not believe that any stay or injunction, whether arising under Section 362(a) of the bankruptcy code or any Receivership Order, whether in this proceeding, the Adversary Proceeding, or any other bankruptcy case, prevents the entry of this Stipulation and Order. To the

extent that any such stay or injunction does prevent the entry of this Stipulation and Order, the Parties request that the Court lift the offending stay or injunction.

Q. The Parties agree that, upon entry of this Stipulation and Order, neither Purchaser nor Sellers shall have any further obligation under the PSA or the Escrow Agreement, and, with authority on behalf of Sunwest, expressly waive and release any right under Section 8.7 in the PSA, save and except the continuing obligations contained in Sections 6.7(a) and 8.15 in the PSA.

R. Upon entry of this Stipulation and Order, Debtor, Receiver, Sellers, and their predecessors, successors and assigns, hereby forever release, acquit and discharge Purchaser, and its affiliates, subsidiaries, parents, predecessors, successors, assigns, officers, directors, employees, agents, insurers, sureties, and attorneys, of and from any fees, debts, obligations, claims, actions, liabilities, demands and/or causes of action, including any claims for attorneys' fees, interest, or costs of litigation, asserted or unasserted, whether equitable or at law, whether arising under or pursuant to common or statutory laws, state and/or federal law, rules or regulations, specifically including, but not limited to, any claim asserted or that could have been asserted by Debtor, Sellers or Receiver in this proceeding, the Adversary Proceeding or otherwise, arising out of or in any way related to or arising out of the PSA, Escrow Agreement, or Escrowed Funds, as well as claims arising under any circumstance, known or unknown, existing as of the date and time of execution hereof, save and except the Parties' obligations under this Stipulation.

S. The Parties agree to take reasonable and necessary steps to return property belonging to another Party, and the Parties agree to execute any document reasonably necessary to effectuate the distribution of the Escrowed Funds.

**IN ITS CONSIDERATION OF THE STIPULATION:**

In light of the stipulations presented to the Court, the Court determines that the following Order is in the best interests of the Receivership Estate and Debtor.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:**

1. Any stay or injunction that may prevent the settlement, including distribution of the Escrowed Funds contemplated by the Parties' stipulation, is hereby lifted.

2. The Parties shall jointly request that the Escrow Agent distribute the Escrowed Funds in accordance with the Stipulation.

3. All claims that were brought, or that could have been brought, by the Debtor in the Adversary Proceeding pending in the case styled *In re Jon M. Harder*, Case No. 08-37225-tmb11 of and against the Purchaser shall be, and hereby are, DISMISSED with prejudice.

                    Michael R. Hogan
                    United States District Court Judge

Presented by,

| **STEPTOE & JOHNSON LLP** | **TONKON TORP LLP** |
|---|---|
| By: /s/ Greg R. Yates_____ | By: _/s/ Albert N. Kennedy_____ |
| Greg R. Yates, NYSB #2749687 | Albert N. Kennedy, OSB No. 821429 |
| Admitted Pro Hac Vice | 1600 Pioneer Tower |
| 750 Seventh Avenue, Suite 1800 | 888 S.W. Fifth Avenue |
| New York, New York 10019 | Portland, OR 97204 |
| Telephone: (212) 506-3912 | Telephone: (503) 802-2013 |
| Facsimile: (212) 506-3960 | Facsimile: (503) 972-3713 |
| Email: gyates@steptoe.com | E-Mail: al.kennedy@tonkon.com |
| *Counsel for The Chief Restructuring Officer* | *Counsel for Debtor* |

| | |
|---|---|
| **ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP** | **COERS MITCHELL LAW LLC** |
| By: /s/ David R. Zaro | By: /s/ Johnston A. Mitchell |
| David R. Zaro, SBC #I24334 | Johnston A. Mitchell |
| Admitted Pro Hac Vice | 4411 NE Tillamook, Suite 103 |
| 515 S. Figueroa Street, Suite 700 | Portland, OR 97213 |
| Los Angeles, CA 90071-3398 | Telephone: (503) 719-6795 |
| Telephone: (213) 622-5555 | Facsimile: (503) 374-9068 |
| Facsimile: (213) 620-8816 | Email: johnstonlaw@comcast.net |
| Email: dzaro@allenmatkins.com | |
| *Counsel for Receiver* | *Counsel for Purchaser* |

6

### CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **STIPULATION AND ORDER APPROVING SETTLEMENT** on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below.

In addition, I served the foregoing on the parties indicated as "Non-ECF" on the attached List of Interested Parties by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail on the date set forth below.

DATED: December 9, 2009.

                         /s/ Greg R. Yates
                         Greg R. Yates

                         *Counsel for The Chief Restructuring Officer*