SHEILA E. O'CALLAGHAN (Cal. Bar No. 131032)
Email: ocallaghans@sec.gov
KASHYA K. SHEI (Cal. Bar No. 173125)
Email: sheik@sec.gov
Securities and Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 6:09-cv-6056 AA |
| Plaintiff, | |
| vs. | FINAL JUDGMENT AS TO DEFENDANT JON M. HARDER |
| SUNWEST MANAGEMENT, INC., CANYON CREEK DEVELOPMENT, INC., CANYON CREEK FINANCIAL, LLC, and JON M. HARDER, | |
| Defendants, | |
| and | |
| DARRYL E. FISHER, J. WALLACE GUTZLER, KRISTIN HARDER, ENCORE INDEMNITY MANAGEMENT LLC, SENENET LEASING COMPANY, FUSE ADVERTISING, INC., KDA CONSTRUCTION, INC., CLYDE HAMSTREET, and CLYDE A. HAMSTREET & ASSOCIATES, LLC, | |
| Relief Defendants. | |

The Securities and Exchange Commission filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d)(2) against defendant Jon M. Harder on November 4, 2009 (ECF No. 943). The Court issued its Findings of Fact and Conclusions of Law in Support of Securities and Exchange Commission's Motion for Summary Judgment on Liability on December 9, 2009, in which the Court found it had jurisdiction over the parties and the subject matter of the action; that Harder had violated Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]; and ordered Harder be permanently enjoined from future violations of those provisions (ECF No. 997). The injunctions are set forth below and incorporated into this Final Judgment as to Defendant Jon M. Harder:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Jon M. Harder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Harder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 12/5/18

_____
Ann L. Aiken
UNITED STATES DISTRICT JUDGE